UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:16-cr-00129-MOC-DCK
[3:16mj137]

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | |
| Vs. | ) | ORDER |
| | ) | |
| REUBEN DEHAAN, | ) | |
| Defendant. | ) | |

**THIS MATTER** is before the court on defendant's Notice of Appeal of Detention Order, filed in the underlying miscellaneous matter, 3:16mj137. Subsequent to filing the notice of appeal, the Grand Jury returned an indictment and the cases were merged.

Defendant was detained by the Honorable David C. Keesler, United States Magistrate Judge, after a hearing on April 26, 2016. Judge Keesler determined that defendant posed a risk of flight and was a danger to the community, holding as follows:

> Defendant is charged in two criminal complaints with tax evasion and Title 26 firearms offenses. This is an unusual case. The Defendant espouses sovereign citizen ideology and allegedly rejects government authority. The government first brought the tax case, alleging Defendant has not paid taxes in several years. A search of the Defendant's home revealed a bunker containing 80 firearms, including illegal weapons. Defendant's property contained firearms, ammunition, smokeless gun powder, det cord, pipes, marijuana, and the like. Defendant has ID in different names, owns property in Costa Rica, was born in Colombia, and has a number of suspect documents, like a World Passport and a UN Driver's License in his name. Probation recommends detention, and the Court agrees.

1

Detention Order (#11), 3:16mj137. In this appeal, defendant challenges the magistrate judge's conclusion that he is a flight risk or a danger to the community.

In accordance with 18 U.S.C. § 3145(c), the court has promptly considered the appeal from such detention Order. The Bail Reform Act of 1984 (hereinafter "the Act") authorizes and sets forth the procedures for a judicial officer to order the release or detention of an arrested person pending trial, sentence, and appeal. In order to detain a defendant pending trial, the judicial officer must "find[] that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community." Id. § 3142(e). The factors to be considered in determining whether to release a defendant pending trial are set forth in section 3142(g). Those factors include:

> (1) nature and circumstances of the offenses charged; (2) the weight of the evidence against the person; (3) the history and characteristics of the person, including family ties, the person's character, ties to the community, and criminal history; and (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

United States v. Stewart, 19 Fed. Appx. 46, at 48 (4th Cir. 2001). The court has reviewed the written Order and conducted a *de novo* review of the detention issue. On May 20, 2016, the court held an evidentiary hearing.

The court concludes that while all witnesses for the government and for the defendant were credible, the evidence presented indicated that defendant had stored illegal weapons and materials for making bombs including powdered explosives and "det. cord," that he had purportedly renounced his United States citizenship, that he possessed documents that on their face appear to be non-government issued identification documents

and which were intended to deceive others including law enforcement and border crossing agents, and that he had secreted assets. It further appeared that while defense witnesses believed defendant to be a peaceful member of the community, they were unaware of his allegedly unlawful activities.

After *de novo* review, and having considered the Section 3142(g) factors, this court concludes that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of any other person and the community. .

## ORDER

**IT IS, THEREFORE, ORDERED** that defendant's Appeal of Detention Order (#13) is **DISMISSED**, the Order of Detention (#11) is fully **AFFIRMED**, and after de novo review the court orders defendant's continued detention pending trial for the reasons discussed herein and at the May 20, 2016, hearing.

Signed: May 20, 2016

Max O. Cogburn Jr
United States District Judge